UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                                        :   20 Cr. 0089 (CKK)

v.                                                                :

MUSTAFA NEGHAT                                 :

**DEFENDANT'S MEMORANDUM
IN AID OF SENTENCING**

**INTRODUCTION**

      Defendant Mustafa Neghat is pending sentencing before this Court after having entered a plea of guilty to a one count Information charging him with conspiring to commit fraud, in violation of 18 United States Code Section 371. The parties agree that the defendant's Adjusted Sentencing Guideline is Level 4, which corresponds to a sentencing range of 0 – 6 months. The Government has also moved this Court for a downward departure as the result of the defendant's "substantial assistance" to the United States and recommends a sentence of probation. See DE 39. These events took place more than a decade ago, the defendant's participation in the charged offense was minor, and he has been subject to pre-trial release without any violation for the last two years. He also provided substantial assistance to the Government and had been prepared to testify at the trial of other alleged co-conspirators in the United States District Court for the Eastern District of Virginia.

      For all of these reasons and others set forth in more detail herein, the defense asks this Court to sentence the defendant to time served, without any period of supervised release. Such a sentence would more than satisfy the paramount consideration that the sentence imposed be "sufficient, but no greater than necessary" to punish. Kimbrough v. United States, 552 U.S. 85, 101 (2007).

1

## FACTUAL BACKGOUND

From approximately 2010-2012, the defendant was employed as a "recruiter" for a company named FedSys, which had been hired to locate translators who spoke the Pashto language, to assist United States military operations in Afghanistan. The company had a system for paying bonuses to recruiters who located qualified applicants that passed a series of language examinations. The Government alleged that a group of employees conspired to assist unqualified applicants pass the language examinations, in order to receive these bonuses. The manner and means of the conspiracy included having recruiters take the language tests for certain candidates.

To be clear, the defendant does not speak Pashto and he did not take any language tests for the candidates, nor arrange for others to do so. Mr. Neghat pled guilty to the Information in this case because at some point during the conspiracy he became aware of its purpose and took steps that assisted other recruiters, including passing along examination questions from prior tests. The defendant did not profit greatly from the conspiracy; the Government alleges that he received $4,250.00 in bonuses from the scheme, which is an amount that does not even trigger an upward adjustment under the applicable sentencing guideline. Attached to this Memorandum is a letter from the defendant which acknowledges his guilt and explains the circumstances that led to his unfortunate involvement in this case.

Immediately upon learning that he was the target of the Government's investigation, he agreed to enter a plea of guilty and cooperate with the United States.[1] To that end, he proffered with the Government in preparation for the then pending trial in Virginia and had been ready, willing, and able to testify for the United States.

---

[1] In May of 2017, Mr. Neghat met with a Special Agent for the Special Inspector General for Afghanistan Reconstruction and was later advised that he was not the subject or target of the investigation, but only a witness. In April of 2020, the Department of Justice formally advised that he was the target of the investigation.

## ANALYSIS

1. **Sentencing Guidelines And Sentencing Factors**

Under the federal sentencing guidelines and governing caselaw, the Court must find the appropriate adjusted guideline offense level for each criminal case. Once the guideline has been calculated, the Court then turns to a consideration of the following statutory sentencing factors: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentencing to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment; (3) specific and general deterrence; (4) the need to provide the defendant with training, medical care, or treatment; available sentencing alternatives; (5) consistency in sentencing among similarly-situated defendants; and (6) the need to provide restitution. See 18 U.S.C. § 3553(a).

In this case, the parties – and Probation - are in agreement that the defendant's adjusted guideline level is as follows:

| | |
|---|---|
| Base Offense Level (2B1.1(b)(1)(A)) | 6 |
| Entry of Timely Guilty Plea | -2 |
| | 4 (0-6 mos) |

The amount of the loss in this case, which was $4,250.00 in bonuses does not trigger any upward adjustment and the parties have not identified any other relevant guideline upward or downward adjustments.

2. **Sentencing Factors**

   1. **Nature And Circumstances of Offense/Defendant's Personal Characteristics**

The rules of conduct that govern the American justice system do not permit the sentencing judge in a criminal case to really "get to know" a defendant. There is no opportunity

3

for conversation or a personal exchange between sentencing judge and defendant. In this case, the only time the Court has actually seen the defendant was during a few virtual court appearances.  But Mustafa Neghat is not merely a criminal defendant; he is a husband and father, a worker, a dreamer, a thinker – and he is certainly more than the sum of the charge against him.

As the Court knows, this case arises out of events that took place more than a decade ago. During all of those intervening years, Mr. Neghat has not been in involved in any other similar activity; to the contrary,  he has made a new life for himself and is now married with one child and another expected in several months. Moreover, he is the primary caretaker for his autistic brother. While the nature of the offense is serious (as no one could dispute that sending untrained translators to a war zone could have potentially fatal consequences), the defendant's involvement in the underlying conspiracy was so minor that the amount of loss attributed to him - $4,250.00 – did not result in any upward adjustment under the guidelines. Moreover, the defendant did not take part in the most egregious acts in furtherance of the conspiracy, as he did not personally take any language test(s) for the candidates (he did not speak Pasto), nor arrange for anyone else to do so. As explained in the defendant's letter to the Court, during the course of the conspiracy, he objected in writing to his supervisor about the pressure to recruit candidates and prepare them for the language examinations.

The defendant has a loving family that deeply cares for him, as evidenced by the letter from his wife. Moreover, the defendant's fundamentally good nature is evidenced by a letter from a family friend, who explains how Mustafa mentored and supported him in his decision to pursue higher education. There is a famous adage that states the true test of a man's character is what he does when no one is watching. By that standard, the defendant is a decent, kind, generous person. This is certainly a consideration for the Court in the imposition of sentencing.

2. **Sentencing /Seriousness Of The Offense/Respect For The Law**

Given the circumstances of this case, the defendant's very low guideline range, as well as his substantial assistance, the Government has recommended a period of probation. The defense respectfully requests that this Court impose a sentence of time served, with no period of probation. The rationale for this request is as follows.

The defendant has been monitored by Pretrial Services in California for the last two years without any violation of his conditions of release. He reported as required to Probation and has fully complied with the Probation office in the preparation of its Report. While there is no doubt that the defendant can successfully complete a period of supervision, the very fact of the conviction itself will have a significant impact on Mr. Neghat's financial life because he will be precluded for ten years from working as a Notary Public, which constitutes a significant portion of his income. See PSR at para. 86. The ten year term does not begin to run until any period of probation is completed. Thus, the sooner that the case is over, the sooner the defendant can try to regain employment as a Notary Public. In the final analysis, the minimum benefit of placing the defendant on even unsupervised release is outweighed by the cost to Mr. Neghat in terms of lost interest. This request would also help preserve the limited resources of the California Probation office.

3. **Seriousness Of The Offense/Promote Respect For The Law/Appropriate Punishment**

The Court's responsibility under the federal sentencing guidelines is to fashion a sentence that promotes respect for the law and reflects the seriousness of the offense. In many ways, this is an existential quest and what promotes respect for the law is a fair sentence. Under the totality of the circumstances in this case, the defense believes that a sentence of time served – with no period of probation - is fair and appropriate under the particular facts of his case.

4. **Specific and General Deterrence/Prevent Future Crimes**

The factor of specific deterrence also supports the requested sentence. The defendant's conduct took place more than a decade ago, was of limited duration, his "profit" from the conduct was minimal, and he has not been in any trouble since. As to general deterrence, it is clear that United States law enforcement treats matters of fraud seriously and aggressively investigates and prosecutes such cases. No further general deterrence would be accomplished by additional punishment for this defendant. [2]

## CONCLUSION

The sentencing of any person is a complex task for the Court. Through the submission of this memorandum, the defense has tried to provide context to assist the Court in imposing a sentence that satisfies the requirements of the law and our notions of justice. For all the reasons set forth in this memorandum, the defense asks this Court to sentence defendant Muistafa Neghat to time served.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

---

[2] The remaining sentencing factors are: (1) the need to avoid unwarranted sentencing disparity; (2) to provide the defendant with training, medical care, or treatment; available sentencing alternatives; and (3) the need to provide restitution. They do not appear to apply to the facts and circumstances of this case. The defense requests that this Court not impose an order of restitution and that no fine be imposed.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via ECF to Department of Justice Trial Attorneys Michael McCarthy and Matthew Kahn , 1400 New York Avenue, N.W. Washington, D.C. this 14th day of July, 2022.

*Robert Feitel*

_____
Robert Feitel